DECISION
{¶ 1} Defendant-appellant, Tim L. Banks, pro se, has filed an application for reopening pursuant to App.R. 26(B). Appellant is attempting to reopen the appellate judgment that was rendered by this court in State v. Banks, Franklin App. No. 03AP-1286, 2004-Ohio-6522. In that appeal, appellant, through counsel, argued that the trial court erred by introducing hearsay testimony, overruling his Crim.R. 29 motion for acquittal, that the conviction for the charges of abduction was against the manifest weight of the evidence, that the trial court committed error by preventing defense counsel from using Evid.R. 404 and 405 to impeach a witness, and that his trial counsel was ineffective. This court disagreed, and we affirmed his conviction. This court's judgment was journalized on December 7, 2004.
 {¶ 2} On February 7, 2005, appellant filed the instant application for reopening under App.R. 26(B) based on ineffective assistance of appellate counsel. For the reasons that follow, we decline to reopen appellant's appeal.
 {¶ 3} App.R. 26(B) permits applications for reopening of an appeal from the judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel. App.R. 26(B) provides, in pertinent part, as follows:
(B) Application for reopening.
(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
(2) An application for reopening shall contain all of the following:
* * *
(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record[.]
 {¶ 4} Appellant has set forth eight assignments of error for this court's consideration:
[1.] Appellate counsel delivered deficient performance by failing to put forth a fifth and fourteenth amendment due process claim that cumulative effects of prosecutorial misconduct violated defendant's right to a fair trial.
[2.] Appellate counsel delivered deficient performance by failing to put forth a fifth and [fourteenth] amendment due process claim that the prosecution failed to turn over exculpatory evidence.
[3.] Appellate counsel delivered deficient performance by failing to put a fourteenth amendment due process claim that the trial court introduced a special jury instruction that relieved the burden of persuasion beyond a reasonable doubt on the crimes essential charge.
[4.] Appellate counsel delivered deficient performance by failing to put forth a fourteenth amendment due process claim that the trial court was biase[d] or prejudice[d].
[5.] Appellate counsel delivered deficient performance by failing to put forth a sixth amendment claim of ineffective assistance of trial counsel for not pointing out inconsistencies in the testimony of prosecution witnesses, and for delivering a closing argument which was detrimental to the defendant.
[6.] The above errors, when taken together deprived the defendant, Tim L. Banks, of a fair trial as guaranteed under the ohio and united states constitutions' due process clauses.
[7.] Appellate counsel delivered deficient performance by failing to put forth a claim that the trial court erred in sentencing the appellant to more than the minimum prison sentence when he had not previously served a prison sentence.
[8.] Appellate counsel delivered deficient performance by failing to put forth a claim that the trial court [erred] when it sentenced appellant to imprisonment for a community control violation when the court did not notify the offender of the specific prison term at the original sentencing hearing.
 {¶ 5} In State v. Reed (1996), 74 Ohio St.3d 534, the Ohio Supreme Court held that the two-prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, is the appropriate standard to assess a defense request for reopening pursuant to App.R. 26(B). Appellant must prove that his counsel was deficient for failing to raise the issues he now presents, as well as showing that, had counsel presented those claims on appeal, there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. As such, appellant bears the burden of establishing that there was a genuine issue as to whether there was a colorable claim of ineffective assistance of counsel on appeal. See, also, State v. Spivey (1998), 84 Ohio St.3d 24, certiorari denied (1999), 526 U.S. 1091.
 {¶ 6} In his first assignment of error, appellant complains of misconduct by the assistant prosecuting attorney during opening and closing arguments before the jury. In State v. Apanovitch (1987),33 Ohio St.3d 19, the Ohio State Supreme Court noted that the conduct of a prosecuting attorney during a trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial. Furthermore, the court has refused to treat prosecutorial misconduct as reversible error, "except in rare instances." State v. DePew (1988),38 Ohio St.3d 275, 288.
 {¶ 7} Appellant references the following inferences made by the prosecuting attorney which appellant argues are not supported by the record: (1) that Carl Ballow was permitted to leave the apartment after about 45 minutes; (2) that Trey saw appellant with a handgun the first time he stepped into the hallway; (3) that Ballow called the police from a pay phone instead of his cell phone; (4) that two officers who responded to Ballow's call would testify at the hearing; (5) that, when appellant was arrested, the police recovered a handgun which had been described by three witnesses; (6) that no one was positive of the exact time the events occurred; (7) that Officer Conley corroborates everything Michelle Stone testified to; (8) that appellant said he should kill both Stone and Ballow; (9) that Trey's testimony can be considered in relation to the abduction of Ballow; (10) that Ballow told the 911 operator that appellant had a gun; and (11) that Trey could not remember if his mom was with him the day before.
 {¶ 8} Appellant argues that the evidence presented at trial actually establishes the following in relation to each of the above enumerated misstatements of fact: (1) no one testified how long Ballow was kept in the apartment; (2) no one testified that Trey went back to his bedroom after seeing appellant with a gun; (3) Ballow called the police from a cell phone and not a pay phone; (4) only one police officer testified and not two; (5) three witnesses did not testify concerning a firearm; (6) Detective Weeks testified that the incident took place at 11:00 p.m.; (7) Officer Conley's testimony, which was hearsay, was only offered to explain the action of the police and not to corroborate Stone's testimony; (8) Stone testified that appellant said he should shoot both she and Ballow, and not kill them; (9) Trey never testified that appellant did anything to Ballow; (10) Ballow never described a gun on the 911 tape; and (11) Trey testified that he thought his mom stayed at Tim's (appellant's) house the day before. Appellant argues that the above misstatements of fact require reversal because a general instruction to the jury that arguments of counsel are not to be considered evidence is insufficient to correct such errors. This court disagrees.
 {¶ 9} Upon review of the record, the trial court properly instructed the jury that the opening statements and closing arguments of counsel do not constitute evidence. Both the prosecution and defense counsel have wide latitude during opening and closing arguments. The trial court generally determines the propriety of statements made during open argument. State v. Loza (1994), 71 Ohio St.3d 61. Opening argument is not evidence but is intended to advise the jury of what counsel expects the evidence to show. State v. Turner (1993), 91 Ohio App.3d 153. As such, the prosecutor and defense counsel may, in good faith, make statements as to what they expect the evidence will show. Id. The conduct by the prosecutor must have been so extreme so as to deprive the defendant of a fair trial in order for reversible error to be present. State v. Keenan
(1993), 66 Ohio St.3d 402.
 {¶ 10} Stone testified that the crime occurred sometime after she went to bed around 10:00 p.m. The first police officer was dispatched at 12:56 a.m. This court finds that the prosecutor's estimate of 45 minutes does not amount to prosecutorial misconduct.
 {¶ 11} Trey testified that he slept in a different bedroom from his mother, and that he woke up when he heard his mother crying. Trey saw appellant in the hallway and then returned to his bedroom. Although Trey testified that he did not see anything in appellant's hands at that particular time, Trey did testify that he saw appellant with a gun later.
 {¶ 12} Whether Ballow called the police from his cell phone or a pay phone is immaterial. Further, appellant was not prejudiced by the fact that only one police officer testified at trial. Regarding the firearm, Stone, Ballow, and Trey all testified that appellant had a firearm that night.
 {¶ 13} Upon review of the above statements made by the prosecutor in opening statements, this court specifically finds that those statements do not constitute prosecutorial misconduct and that appellant was not prejudiced.
 {¶ 14} During closing argument, the prosecutor indicated that no one was positive what time appellant actually entered Stone's bedroom. Stone testified that the events began sometime after 10:00 p.m., when she went to bed, and the first police officer was dispatched at 12:56 a.m. Detective Weeks became involved in the case later and testified that Stone alleged appellant entered her home uninvited around 11:00 p.m. This does not amount to prosecutorial misconduct.
 {¶ 15} Furthermore, contrary to appellant's assertions, the prosecutor did not improperly vouch for the credibility of the witnesses. Officer Conley was permitted to testify to some of what Stone and Ballow had told him. Pursuant to the rules of evidence, these statements did not constitute hearsay, as they were permissible to explain the subsequent action of the police officers. To the extent that the prosecuting attorney stated that Officer Conley's testimony corroborates the victim's testimony does not amount to improperly vouching for the credibility of the witnesses.
 {¶ 16} The evidence presented at trial indicates that appellant restrained Stone and Ballow at gunpoint, and both testified that appellant was angry and screaming. Whether appellant actually stated that he should kill Stone and Ballow, or simply shoot them, does not amount to misconduct on the part of the prosecutor. Further, Trey testified that he awoke when he heard his mother crying. That testimony corroborates the fact that Stone was upset that appellant was in her apartment and goes against appellant's assertions that Stone wanted appellant to find her and Ballow together. Both Ballow and Stone testified that Ballow was there when appellant entered the apartment with a gun. Trey's testimony did, to a certain extent, corroborate Ballow's testimony as well. Furthermore, whether Ballow mentioned a gun during the 911 call or not is immaterial. Also, while Trey did testify that he saw appellant and his mother together the day before, Trey was not able to remember where. As such, it was an accurate statement of the evidence to indicate that Trey could not remember if his mother was at Tim's (appellant's) house the day before.
 {¶ 17} Because none of the arguments appellant asserts in his first assignment of error constitute prosecutorial misconduct, appellant's first assignment of error does not establish a colorable claim of ineffective assistance of counsel.
 {¶ 18} In his second assignment of error, appellant complains that the state failed to provide exculpatory information in violation of Crim.R. 16(B)(1)(g). In the present case, an informational summary was provided to defense counsel at trial. Pursuant to Brady v. Maryland (1963),373 U.S. 83, the state is required to disclose material evidence to defense counsel. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. The possibility that certain undisclosed information might have been helpful to the defense or might have affected the outcome of the trial does not satisfy the requirement that the evidence be material.
 {¶ 19} The record shows that defense counsel characterized the summary as similar to a summary provided to him earlier. Furthermore, appellant has not shown that the evidence was exculpatory or that there was a reasonable probability that the result of the proceeding would have been different had that information been disclosed.
 {¶ 20} In his third assignment of error, appellant argues that the trial court erred in instructing the jury on "flight" and indicating that such evidence may be considered in determining the guilt or innocence of the defendant because it may demonstrate a consciousness of guilt. Appellant argues that the charge was incomplete and demonstrated that the trial court was biased. However, in State v. Taylor (1997),78 Ohio St.3d 15, the court held that an instruction indicating that flight may be indicative of a consciousness of guilt was neither arbitrary nor unreasonable and did not create an improper mandatory presumption.
 {¶ 21} In his fourth assignment of error, appellant specifically raises a claim that the trial court was biased against him and that appellate counsel should have raised this claim in the direct appeal. Appellant sets forth nine "examples" of the trial court's bias against him; however, appellant fails to explain how he was prejudiced by these issues even if some of the issues are true. App.R. 26(B) requires that the appellant not only set forth assignments of error but that the appellant indicate the manner in which such deficiency prejudicially affected the outcome of his appeal. Relative to this assignment of error, appellant has failed to explain how he was prejudiced.
 {¶ 22} In his fifth assignment of error, appellant argues that defense counsel's closing argument was detrimental to him because counsel failed to point out inconsistencies in the testimony of the prosecution's witnesses. Upon review of the record, this court specifically finds that counsel did point out what he perceived as discrepancies among the witnesses' testimonies.
 {¶ 23} In his sixth assignment of error, appellant argues that the cumulative effect of the above errors deprived him of a fair trial. However, cumulative error does not apply to cases that are not marked by multiple instances of harmless error. State v. Garner (1995),74 Ohio St.3d 49. Appellant simply has not demonstrated multiple instances of harmless error, the cumulative effect of which deprived him of a fair trial.
 {¶ 24} In his seventh assignment of error, appellant contends that the trial court erred in sentencing him to more than the minimum prison sentence since he had not previously served a prison sentence. Upon review of the sentencing transcript, this court finds that the trial court justified sentencing appellant to greater than the minimum sentence. Specifically, the court noted that the victim suffered serious psychological harm, a gun was involved, and appellant had committed a similar offense and was previously placed on probation. Furthermore, the court determined that this was a situation that was likely to recur and noted that appellant did not respond favorably to the sanctions previously imposed. The court also noted appellant's history of criminal convictions, which included a 1999 plea bargain to endangering children and criminal mischief involving appellant knowingly causing physical harm to his ex-girlfriend's three-year-old daughter. Furthermore, there was an assault in 2000, resulting from a domestic violence situation involving abduction and assault, and intimidation of a witness. The court did state its findings for imposing greater than the minimum term, and appellant has not shown ineffective assistance of appellate counsel for not raising this issue.
 {¶ 25} In his eighth and final assignment of error, appellant contends that the trial court erred in sentencing appellant relative to community control sanctions, which were imposed in another case. Appellant contends that he had not been informed by the trial court in the previous proceeding relative to the community control sanctions. That issue is not before this court in this case.
 {¶ 26} Based on the foregoing, appellant's assignments of error are not well-taken, and this court finds that appellant has failed to meet his burden to demonstrate that there is a genuine issue as to whether he was deprived the effective assistance of counsel on appeal. As such, appellant's application for reopening is denied.
Application for reopening denied.
Lazarus and Sadler, JJ., concur.