OPINION
{¶ 1} Defendant-appellant, Michael E. Raver ("appellant"), appeals from the denial of his petition for post-conviction relief by the Franklin County Court of Common Pleas. Appellant's petition sought to vacate his May 8, 2002 judgment of conviction and sentence of the Franklin County Court of Common Pleas, pursuant to a jury verdict, finding him guilty on two counts of gross sexual imposition. The charges against appellant arose from allegations by his stepdaughters, M.S. and C.S., that appellant had sexually molested them. While the state initially filed the charges in two separate cases against appellant, the state moved to join the cases for purposes of trial. Appellant's trial counsel did not oppose the state's motion, and the court granted joinder. The jury ultimately convicted appellant of two counts of gross sexual imposition against C.S., but acquitted him of the charges relating to M.S.
 {¶ 2} Appellant appealed his conviction and sentence to this court. Appellant raised five assignments of error, one of which is important for our purposes here. In his fifth assignment of error, appellant argued to this court that his constitutional right to counsel had been violated. In support, appellant argued that his trial counsel had not rendered effective assistance because counsel: (1) failed to oppose the state's motion to consolidate the two cases for trial; (2) failed to request a limiting instruction that evidence introduced as to one child could not be considered for the purpose of determining guilt as to incidents involving the other child; (3) failed prior to the day of trial to request an expert to review law enforcement procedures employed in questioning the girls; (4) failed to dismiss a biased juror; and (5) failed to object to the trial court's erroneous definition of "reasonable doubt" in preliminary jury instructions.
 {¶ 3} While his appeal was pending before this court, on January 3, 2003, appellant filed a petition for post-conviction relief in the trial court. In his petition, appellant alleged the same five failures by trial counsel in support of his claim that his constitutional right to counsel had been violated.
 {¶ 4} In support of his petition before the trial court, appellant attached the affidavit of Attorney James D. Owen, his appellate counsel. Owen's affidavit states that he had spoken to appellant, who told him that he was unaware that the state had moved to consolidate his cases for trial, that he would have liked to have separate trials, and that none of his attorneys had advised him of the option of having separate trials. The affidavit also states that Owen had spoken to Attorney David Kentner, one of appellant's trial counsel. The affidavit states: "Mr. Kentner told me there was no strategic reason for him not to attempt to try the cases of the two separate victims" separately.
 {¶ 5} While that petition was pending before the trial court, on March 4, 2003, this court issued its opinion in appellant's original appeal and affirmed appellant's conviction and sentence. See State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958. In affirming the conviction, this court rejected appellant's assertion that his right to counsel had been violated.
 {¶ 6} Thereafter, on March 16, 2005, the trial court dismissed appellant's petition without an evidentiary hearing. The trial court found that appellant had pursued an appeal of his conviction and "raised therein all of the matters raised in his petition. The Court of Appeals' determination on the issues (pre-conviction and post-conviction), are binding on this Court. Defendant has raised no new issues for this Court to consider."
 {¶ 7} Appellant timely appealed to this court. He raises a single assignment of error:
The trial court erred when it denied Appellant an evidentiary hearing in violation of his rights under the Fifth, Sixth,Eighth, Ninth and Fourteenth Amendments of The United States Constitution and Article 1, Sections 1, 2, 9, 10, 16 and 20 of The Ohio Constitution, when the Appellant submitted documentary evidence dehors the record to support his claims.
 {¶ 8} Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 9} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v. Steffen (1994), 70 Ohio St.3d 399, 410. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. State v. Calhoun
(1999), 86 Ohio St.3d 279, 281. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 10} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C.2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun at 291.
 {¶ 11} A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk (1996), 77 Ohio St.3d 93. "Res judicata is applicable in all postconviction relief proceedings." Id. at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id., syllabus; State v. Reynolds (1997), 79 Ohio St.3d 158, 161. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus; State v. Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 12} We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, citing Calhoun at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 13} Here, appellant contends that the trial court abused its discretion as he set forth sufficient operative facts to support his ineffective assistance of counsel claims, thereby warranting an evidentiary hearing. The United States Supreme Court established a two-prong test for ineffective assistance of counsel. Strickland v. Washington (1984), 466 U.S. 668. First, the defendant must show that counsel's performance was outside the range of professionally competent assistance and, therefore, deficient. Id. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. Id. Moreover, a defendant must overcome a strong presumption that the challenged action constitutes trial strategy. State v. Carter (1995),72 Ohio St.3d 545, 558.
 {¶ 14} As the trial court found, appellant's post-conviction right to counsel claims were identical to those raised in his appeal. Therefore, in order to avoid dismissal on res judicata grounds, appellant's burden was to set forth sufficient operative facts to establish grounds for relief and to do so based on evidence outside the record. Appellant presented an affidavit to support one of his five claims: his trial counsel failed to oppose a motion by the state to consolidate the two cases. While that affidavit is outside the record, it is insufficient to demonstrate the need for an evidentiary hearing.
 {¶ 15} In order to succeed on a claim of ineffective counsel, appellant must show not only that counsel's performance was deficient, but also that counsel's deficient performance prejudiced him and deprived him of a fair trial. Here, even if we were to accept as fact the assertions made in the affidavit — appellant had no knowledge of the opportunity to avoid consolidation, and his trial counsel had no strategic reason to try the cases together — appellant could not make the necessary showings. In affirming his conviction, this court has already determined that appellant suffered no prejudice from consolidation of the charges. This court found, at ¶ 67:
The conclusion we reach in the present case, in assessing the effectiveness of trial counsel, is not that there was nopotential risk for appellant from trying the cases together, but that there were concomitant advantages to going forward in a single proceeding, and that, ultimately, no actual prejudice to appellant can be shown based upon the outcome of the trial. As stated above, the possibility that one sister's lack of credibility might undermine the testimony of the other cannot be disregarded; in fact the jury found one sister not credible. Although this ultimately did not avoid conviction on the charges involving [C.S.], [M.S.'s] lack of credibility could certainly have benefited appellant in the charges against [C.S.]. Ultimately, the outcome of the trial obviated any possibility of prejudice to appellant; had appellant been convicted of charges involving both sisters, some prejudice could be argued, but the actual outcome in the present case simply does not support the proposition that one sister's less than credible testimony bolstered the jury's willingness to convict on charges involving the other sister. No ineffective assistance of trial counsel can be shown in this respect.
(Emphasis sic.)
 {¶ 16} Thus, appellant's post-conviction petition presented no evidence that could have altered this court's finding on appeal that appellant suffered no prejudice from his trial counsel's failure to oppose a motion by the state to join the two cases for trial. As for the remaining four claims included in his petition, appellant presented no evidence outside the record in support of those claims. Therefore, the trial court properly dismissed appellant's post-conviction petition, and we overrule appellant's single assignment of error.
 {¶ 17} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J., and Deshler, J., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.