DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, denying appellant's motions for "Modification of Verdict and Sentence" and "Request for Adjudication."
 {¶ 2} Appellant, Thomas D. Kern, was named in a 2003 indictment, charging him with aggravated vehicular assault in violation of R.C. 2903.08(A)(1), a third degree *Page 2 
felony. Appellant initially pled not guilty but, following plea negotiations, agreed to plead no contest to an amended charge of a violation of R.C. 2903.08(A)(2), also as a third degree felony.
 {¶ 3} In 2004, the trial court accepted the plea, found appellant guilty and sentenced him to a four year term of imprisonment. No direct appeal of this conviction was taken. Appellant subsequently filed a successful petition for judicial release, conditioned on a five year period of community control. After appellant's second violation of the terms of his community control, the court revoked community control and reimposed its original sentence.
 {¶ 4} On March 31, 2008, appellant moved to "modify" his verdict and sentence, arguing that the state had failed to prove special circumstances to elevate a conviction under R.C. 2903.08(A)(2) to a third degree felony from a presumptive fourth degree felony. On July 24, 2008, the trial court denied appellant's motion. This appeal followed.
 {¶ 5} In three assignments of error, appellant suggests that the trial court's decision was erroneous.
 {¶ 6} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which *Page 3 
resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 7} In this matter, appellant could have raised on direct appeal the purported discrepancy he now maintains entitled him to a new trial. As a result, he is barred from now raising this matter in postconviction proceedings. See State v. Raver, 10th Dist. No. 05AP-374, 2006-Ohio-645, ¶ 9; R.C. 2953.21. Accordingly, all of appellant's assignments of error are not well-taken.
 {¶ 8} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1