OPINION
{¶ 1} Appellant, Tim L. Banks ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying his petition seeking post-conviction relief. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} Appellant's convictions arose from an incident in which appellant entered the apartment of his former girlfriend, Michelle Stone ("Stone"), and held her and a person *Page 2 
named Carl Ballow ("Ballow") at gunpoint. Stone's son, Trey Drew-Horton ("Trey"), who was ten years old at the time of trial, woke up during the incident and saw appellant. Ballow was allowed to leave the apartment, at which time he called the police. When the police arrived at the apartment, Stone told appellant she was going to talk to the police to get them to leave. Instead, she took Trey and left the apartment, telling the police that appellant was still inside. Appellant fled the apartment by jumping from an upstairs window. Eventually, Stone set up a meeting with appellant at a local hotel, and appellant was arrested when he appeared for the meeting.
 {¶ 3} On April 29, 2002, appellant was indicted by the Franklin County Grand Jury on two counts of kidnapping with firearm specifications, two counts of abduction with firearm specifications, and one count of aggravated burglary. At the jury trial, the witnesses included Stone and Trey, and the tape of Ballow's call to the police was played. At the trial's conclusion, appellant was convicted on the two counts of abduction and the firearm specifications. The trial court sentenced appellant to three years of incarceration on each of the abduction counts, and ordered those sentences to be served concurrently with each other, but consecutive to a three-year sentence for the firearm specification.
 {¶ 4} Appellant appealed, and we affirmed. State v. Banks, 10th Dist. No. 03AP-1286, 2004-Ohio-6522. Subsequently, appellant filed a motion seeking to reopen his direct appeal, which we denied. State v.Banks, 10th Dist. No. 03AP-1286, 2005-Ohio-1943.
 {¶ 5} On October 4, 2004, appellant filed a petition seeking post-conviction relief, which was amended on April 29, 2005. On August 4, 2008, without holding a hearing, the *Page 3 
trial court issued a decision denying appellant's petition. Appellant filed this appeal, asserting four assignments of error:
 Assignment of Error No. 1: The trial court committed prejudicial error by denying Mr. Banks' petition to vacate and set aside judgment where the petition presented sufficient operative facts and evidence dehors the trial record to entitle Mr. Banks to relief.
 Assignment of Error No. 2: The trial court erred in refusing to conduct an evidentiary hearing on Mr. Banks' petition to vacate and set aside judgment when the evidence offered in support of the petition demonstrated Mr. Banks' ineffective assistance of counsel claim. The trial court's error deprived Mr. Banks of his constitutional right to due process as guaranteed by the Fifth
and Fourteenth Amendments to the United States Constitution.
 Assignment of Error No. 3: The trial court erred in refusing to conduct an evidentiary hearing on Mr. Banks' petition to vacate and set aside judgment when the evidence offered in support of the petition demonstrated that the state knowingly offered false evidence at Mr. Banks' trial. The trial court's error deprived Mr. Banks of his constitutional right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
 Assignment of Error No. 4: The trial court erred in refusing to conduct an evidentiary hearing on Mr. Banks' petition to vacate and set aside judgment when the evidence offered in support of the petition demonstrated that the state violated the mandate of Brady v. Maryland [(1963), 373 U.S. 83, 83 S.Ct. 1194] at Mr. Banks' trial. The trial court's error deprived Mr. Banks of his constitutional right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 6} We will address appellant's four assignments of error together. The right to seek post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to *Page 4 
render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 7} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), 10th Dist. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. State v.Calhoun, 86 Ohio St.3d 279, 281, 1999-Ohio-102. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 8} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun, at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, at 291. *Page 5 
 {¶ 9} A trial court may also dismiss a petition seeking post-conviction relief without holding a hearing if it determines that the doctrine of res judicata applies. State v. Szefcyk,77 Ohio St.3d 93, 1996-Ohio-337. Res judicata bars a defendant who was represented by counsel from raising an issue in a petition seeking post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id. at syllabus. In order to avoid dismissal on res judicata grounds, the evidence supporting the petition must be competent, relevant, and material evidence outside the trial court record. State v. Raver, 10th Dist. No. 05AP-374, 2006-Ohio-645.
 {¶ 10} A trial court's decision to deny a post-conviction petition without a hearing is reviewed under the abuse of discretion standard.State v. Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14, citingCalhoun, at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In this case, appellant asserted three grounds for his petition seeking post-conviction relief. The first ground alleged ineffective assistance of trial counsel. First, appellant argued that trial counsel was ineffective in failing to call a Columbus police detective to question him about alleged inconsistencies between the statement Trey gave to the detective and Trey's testimony at trial. Specifically, the discrepancies alleged were that Trey told the detective that he did not see appellant holding a gun during the incident, but testified at trial that he saw appellant holding a gun in his lap.
 {¶ 12} In his direct appeal, appellant raised ineffective assistance of counsel as his fourth assignment of error, alleging that trial counsel was ineffective for failing to object to allegedly leading questions asked by the prosecuting attorney about whether Trey saw *Page 6 
the gun. We overruled the assignment of error, concluding that, "even if counsel should have objected, and even if the trial court should have sustained such an objection, the remaining testimony by other witnesses connecting appellant to the gun and supporting Stone's version of events, if believed, weighed in favor of appellant's conviction. Thus, we cannot say any deficiency by appellant's counsel with regard to Trey's testimony deprived appellant of a fair trial." Banks,2004-Ohio-6522, at ¶ 33.
 {¶ 13} Thus, appellant has already raised the issue of ineffective assistance of counsel as it related to Trey's testimony. The basis appellant is asserting now is slightly different from the basis he argued on direct appeal, because he is focusing on counsel's failure to have called the police detective who took Trey's statement as a witness to highlight the inconsistencies between the statement and Trey's testimony at trial. Appellant argues that this claim is based on evidence outside the record in the form of an affidavit by trial counsel, in which counsel states that his decision not to call the detective as a witness was not the product of trial strategy, but was instead based on the idea that there was no opportunity to subpoena the detective before the trial's conclusion.
 {¶ 14} However, trial counsel's affidavit is not sufficient to establish that this issue could not have been raised on direct appeal. Regardless of whether counsel's failure to call the detective was a matter of trial strategy, the fact that the detective was not called was known at the time of appellant's direct appeal, and could have been raised at that point. Moreover, nothing in the affidavit would alter our conclusion on direct appeal that, based on the other evidence presented at trial, appellant cannot establish that the result of the trial would have been different but for the alleged errors. *Page 7 
 {¶ 15} Appellant also suggests that the informational summary in which the detective stated that Trey said appellant did not have a gun constitutes evidence outside the record that would support his claim of ineffective assistance of counsel. However, the record shows that there was extensive discussion regarding this statement, and trial counsel attempted to have the statement admitted into evidence. Thus, although not in the record as a result of the trial court's decision to deny its admission, the summary was known at the time of appellant's direct appeal, and thus, even assuming appellant could establish that trial counsel's conduct regarding the statement constituted ineffective assistance of counsel, it is still not evidence outside the record sufficient to overcome the effect of res judicata.
 {¶ 16} The second ground asserted by appellant in support of his petition for post-conviction relief was that the state knowingly offered false evidence during appellant's trial. Initially, we note that some of the allegedly false evidence appellant asserts was offered included statements made by the prosecutor during opening statements, including statements that were contradicted in some respect by subsequent testimony. Opening statements are not evidence, but are instead statements of what the attorney believes the evidence will show. SeeState v. Jalowiec, 91 Ohio St.3d 220, 2001-Ohio-26. Furthermore, we considered appellant's claim of prosecutorial misconduct in opening statements in appellant's motion to reopen his direct appeal, and rejected appellant's claim on its merits. Banks, 2005-Ohio-1943. Thus, because this basis for appellant's petition has already been raised and rejected, res judicata would act as a bar to any further litigation of appellant's claim regarding the prosecutor's conduct. *Page 8 
 {¶ 17} Appellant points to a number of instances in the record of what he asserts was false evidence knowingly offered by the state. That allegedly false evidence includes: (1) Stone's testimony on direct examination that paramedics checked her head and wrist at her apartment after the incident, when she testified on cross-examination that she had refused treatment from the paramedics; (2) contradictory testimony from Stone regarding how long before the incident it had been since she had seen appellant; (3) the evidence discussed above, in which Trey testified that he saw appellant holding a gun, which was contradicted by the summary prepared by the detective who interviewed Trey stating that Trey said appellant did not have a gun; and (4) Stone's denial that she wrote a letter appellant attempted to have introduced at trial, when a handwriting expert had given an opinion that she had.
 {¶ 18} First, inconsistencies in the testimony were known at the time of trial, and thus could have been raised on direct appeal. Second, there is nothing in appellant's petition that would suggest that any of the allegedly false evidence was offered by the state knowing it was false.[1] Finally, it was within the jury's role as fact finder to weigh the credibility of the witnesses and to resolve any apparent inconsistencies in the evidence.[2]
 {¶ 19} The third ground for relief alleged was that the state violatedBrady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, by failing to timely disclose exculpatory information in the form of the information summary prepared by the police detective of the interview conducted with Trey, which states that Trey denied seeing appellant with a gun. *Page 9 
Appellant raised this issue in his motion to reopen his direct appeal. We considered the record, and concluded that appellant had failed to show that the summary was exculpatory, and had failed to show that the result of the proceeding would have been different if the information had been disclosed. Banks, 2005-Ohio-1943, at ¶ 19. Thus, because this claim has already been raised by appellant and rejected on its merits, res judicata bars further litigation of this issue as well.
 {¶ 20} Thus, we cannot say the trial court abused its discretion when it declined to hold an evidentiary hearing on appellant's petition seeking post-conviction relief, based on its conclusion that res judicata barred each of the substantive grounds upon which appellant relied. Accordingly, we overrule all four of appellant's assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur.
[1] With respect to the letter allegedly written by Stone to appellant, it was not the state that offered the evidence.
[2] In addition, some of the allegedly inconsistent testimony formed the basis for appellant's assignment of error on direct appeal that his convictions were against the manifest weight of the evidence, which we overruled. *Page 1